**VENABLE LLP**
Daniel P. Hoffer (SBN 173812)
*dphoffer@venable.com*
Ryan M. Andrews (SBN 274106)
*rmandrews@venable.com*
Rudolph G. Klapper (SBN 300721)
*rgklapper@venable.com*
Jeffrey A. Brand (SBN 324327)
*jabrand@venable.com*
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendants
ADP, INC. and AUTOMATIC
DATA PROCESSING, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCUS BROOKS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADP, INC.; AUTOMATIC DATA PROCESSING, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-8753<br><br>*[Previously Cal. Super. Ct. (Los Angeles) Case No. 26STCV20683. Assigned to Hon. Laura A. Seigle, Dept. 17]*<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>[*Filed concurrently with Declaration of Rudolph G. Klapper; Certificate of Interested Parties and Corporate Disclosures; and Civil Cover Sheet*]<br><br>Action Filed: June 29, 2026<br>Trial Date: None set |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF MARCUS BROOKS AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants ADP, Inc. ("ADP") and Automatic Data Processing, Inc. (collectively, "Defendants") hereby remove the above-captioned action pending in the Superior Court of the State of California for the County of Los Angeles as Case No. 26STCV20683, to the United States District Court for the Central District of California. This action is properly removed pursuant to 28 U.S.C. §§ 1332(d) and 1446 under the Class Action Fairness Act ("CAFA"), as: (1) there is minimal diversity between Plaintiff and Defendants; (2) the putative class size exceeds 100 persons; (3) the amount in controversy exceeds $5,000,000; and (4) this Notice of Removal is filed within 30 days of service of the Complaint on Defendants.

As required by 28 U.S.C. § 1446(d), Defendants will file in Superior Court, and serve upon Plaintiff and his counsel of record, a Notice to State Court of Removal of Civil Action to Federal Court (with these removal papers attached).

In support of this Notice of Removal, Defendants state the following:

## <u>PROCEDURAL HISTORY</u>

1. On June 29, 2026, Plaintiff Marcus Brooks filed a putative class action complaint against Defendants, captioned *Marcus Brooks, on behalf of himself and others similarly situated v. ADP, Inc.; Automatic Data Processing, Inc.; and Does 1 to 100, inclusive*, Case No. 26STCV20683, in the Superior Court of the State of California for the County of Los Angeles (the "State Court Action"). Declaration of Rudolph G. Klapper ("Klapper Decl.") ¶ 2, Ex. 1 (the "Complaint").

2. The Complaint alleges eight causes of action against Defendants: (1) failure to pay minimum wages (Lab. Code §§ 1194, 1197); (2) failure to pay overtime wages (Lab. Code §§ 510, 1194); (3) failure to provide meal periods (Lab. Code §§ 512, 226.7); (4) failure to provide rest periods (Lab. Code § 226.7); (5) failure to indemnify for business expenditures (Lab. Code § 2802); (6) failure to

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

provide accurate wage statements (Lab. Code § 226); (7) failure to timely pay final wages at separation (Lab. Code §§ 201, 202, 203); and (8) unfair business practices (Bus. & Prof. Code §§ 17200 *et seq.*). Compl. ¶¶ 47–114.

3. Plaintiff brings these claims on behalf of himself and all current and former hourly non-exempt employees employed by Defendants as direct employees in California as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the Complaint through the date notice is mailed to a certified class. Compl. ¶ 45(A)-(H).

4. The Complaint was served on Defendant Automatic Data Processing, Inc. via personal service on its registered agent for service of process, CT Corporation System, at 330 N. Brand Blvd., Suite 700, Glendale, California 91203, on July 10, 2026.

5. The Complaint was served on Defendant ADP, Inc. by substituted service at 400 W. Covina Blvd., San Dimas, California 91773-2954, on July 20, 2026, with the required follow-up mailing completed on July 21, 2026. True and correct copies of the proofs of service on both Defendants are attached as **Exhibit 10** to the Klapper Declaration.

6. No responsive pleading (answer or demurrer) has been filed in the State Court Action.

## THE REMOVAL IS TIMELY

7. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), as it is filed within 30 days of the earliest-triggered service date (July 10, 2026) of the Complaint, and is therefore timely as to all Defendants.

## STATEMENT OF JURISDICTION

8. This Court has subject matter jurisdiction over Plaintiff's claims under CAFA.

9. As set forth below, under CAFA, codified in relevant part at 28 U.S.C. § 1332(d)(2), this Court has original jurisdiction over this action because: (1) there

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

is minimal diversity of citizenship; (2) this is a class action where the putative class includes more than 100 members; and (3) the amount in controversy exceeds $5,000,000.

10. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* (quoting S. Rep. No. 109-14, at 43 (2005)).

11. CAFA applies to actions that were "commenced" on or after February 18, 2005. Because the State Court Action was filed on June 29, 2026, it was "commenced" after February 18, 2005, and removal is proper.

## VENUE

12. Plaintiff originally filed this action in the Superior Court of the State of California for the County of Los Angeles. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Central District of California is the federal judicial district "embracing the place where such action is pending"—*i.e.*, the County of Los Angeles. 28 U.S.C. § 1441(a).

## PROCEDURAL REQUIREMENTS

13. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court Action are attached to this Notice of Removal. Klapper Decl. ¶ 5, Exs. 1-11.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and is being filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

15. Defendants have complied with 28 U.S.C. § 1446(b)(2)(A) insofar as there are no other defendants that must join in or consent to removal.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

## DEFENSES

16. Nothing in this Notice of Removal should be interpreted as a concession of any of Plaintiff's theories of liability, class allegations, damages, or other relief sought—all of which Defendants expressly deny—or a waiver of any of Defendants' rights or defenses. Defendants reserve the right to supplement and amend this Notice of Removal.

## REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

### A. Plaintiff's Action Is Pled As A Class Action

17. Under CAFA, "'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

18. The State Court Action has been styled as a class action pursuant to California Code of Civil Procedure section 382. Compl. ¶¶ 1, 45-46. Section 382 authorizes an action to be brought by one or more representative persons as a class action. Cal. Code Civ. Proc. § 382.

### B. Minimal Diversity Exists

19. Minimal diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Diversity also exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State and any defendant is a . . . citizen of a foreign state." 28 U.S.C. § 1332(d)(2)(C). A "class member" is any person "(named or unnamed) who fall[s] within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

20. The Complaint alleges that, at all relevant times, Plaintiff "is and was a resident of California[.]" Compl. ¶ 3. Moreover, Plaintiff alleges that he was employed by Defendants in California at all relevant times. Compl. ¶¶ 3-4.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

Allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 750–51 (9th Cir. 1986). Plaintiff is therefore a citizen of the State of California.

21. Plaintiff also defines the proposed class as "[a]ll current and former hourly non-exempt employees employed by Defendants … in California"—dubbed the "California Class." Compl. ¶ 45(A)-(H).

22. For CAFA removal purposes, a corporation is a citizen of: (1) the state in which it is incorporated; and (2) the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

23. Defendant Automatic Data Processing, Inc., is a corporation organized under the laws of the State of Delaware, with its principal place of business in Roseland, New Jersey. Klapper Decl. ¶ 6, Ex. 12. Automatic Data Processing, Inc., is therefore a citizen of Delaware and New Jersey. 28 U.S.C. § 1332(c)(1).

24. Defendant ADP, Inc., is also a Delaware corporation with its principal place of business in Roseland, New Jersey. Klapper Decl. ¶ 7, Exs. 13 and 14. ADP, Inc., is consequently a citizen of Delaware and New Jersey.

25. Neither ADP, Inc., nor Automatic Data Processing, Inc., is a citizen of California.

26. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. 28 U.S.C. § 1441(b)(1) ("[F]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded."). Further, no Doe defendants have yet been identified or served in this action. Klapper Decl. ¶ 4.

27. Accordingly, because Plaintiff is a citizen of California and Defendants are citizens of Delaware and New Jersey, minimal diversity exists for federal jurisdiction under CAFA. 28 U.S.C. § 1332(d)(2)(A).

/ / /

/ / /

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

### C. The Proposed Class Contains At Least 100 Members

28. To remove a class action under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

29. Plaintiff's Complaint proposes classes of "[a]ll current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California" at any time commencing four (4) years preceding the filing of the Complaint up until the time that notice of the class action is provided to the class. Compl. ¶ 45(A)-(H). The Complaint alleges that the classes are "so numerous that individual joinder . . . is impractical." Compl. ¶ 46.

30. According to the proposed class definition and Defendants' records, there are approximately 485 putative class members **currently** employed by ADP in California and approximately 311 putative class members **formerly** employed by ADP for a total of approximately 796 putative class members.[1] Thus, the size of the putative class exceeds 100 members, and is sufficient to meet CAFA's requirement for removal.

### D. The Amount In Controversy Exceeds $5,000,000

31. CAFA requires that the amount in controversy exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(6). The claims of individual class members are aggregated to determine whether the amount in controversy is met, as well as attorneys' fees. 28 U.S.C. § 1332(d)(6); *see Cain v. Hartford Life & Accident Ins. Co.*, 890 F.Supp.2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of

[1] Contrary to the allegations in the Complaint, Defendant Automatic Data Processing, Inc., did not employ Plaintiff or any putative class members during the putative class period (June 29, 2022 to the present). All numbers below refer to putative class members employed by Defendant ADP, Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

the complaint are true and assume that a jury will return a verdict for the Plaintiffs on all claims made in the complaint.”).

32. Congress intended that any uncertainty regarding the removability of an interstate class action be resolved in favor of federal jurisdiction. *See* S. Rep. No. 109-14, at 42 (2005) (“[I]f a federal court is uncertain about whether ‘all matters in controversy’ in a purported class action ‘do not in the aggregate exceed the sum or value of $5,000,000,’ the court should err in favor of exercising jurisdiction over the case”); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (a named plaintiff cannot stipulate away CAFA jurisdiction by agreeing to cap damages below the statutory threshold).

33. Defendants’ burden is to demonstrate by a preponderance of the evidence that the amount in controversy has been met. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013). This burden is not onerous and does not obligate a removing defendant to “research, state, and prove the plaintiff’s claims for damages.” *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008). Rather, “[t]he ‘ultimate inquiry’ is what amount is put ‘in controversy’ by the plaintiff’s complaint, not what a defendant will actually owe.” *Id.*

34. Plaintiff’s Complaint is silent as to the total amount in controversy. When a compliant does not state the amount in controversy, “a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal.” *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015) (citing *Dart Cherokee*, *supra*, 574 U.S. at 89). The United States Supreme Court has held that “a defendant’s notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.” *Dart Cherokee*, 574 U.S. at 89. Evidence establishing the amount in controversy is not required with the removal notice, but rather is only required if “the plaintiff contests, or the court questions, the defendant’s

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

allegation." *Id.*; *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (the pleading "need not contain evidentiary submissions") (quoting *Dart*). Otherwise, "the defendant's amount-in-controversy allegation should be accepted." *Dart Cherokee*, 574 U.S. at 89.

35. A removing party is entitled to make reasonable assumptions to establish the amount in controversy. *Ibarra*, *supra*, 775 F.3d at 1197–99. Moreover, where the complaint makes generalized allegations regarding the frequency of violations, a defendant may calculate the amount in controversy based on reasonable assumptions. *See id.* at 1199; *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993–95 (9th Cir. 2022) (assumptions based on the complaint's own allegations are reasonable).

36. Although Defendants expressly deny that they committed any violation of law, for purposes of the amount in controversy, and based on the allegations in the Complaint and Defendants' records, the amount in controversy for the putative classes in the aggregate exceeds $5,000,000, as demonstrated below.

*(1) Failure to Pay Minimum Wages*

37. Plaintiff's First Cause of Action alleges that Defendants' log-in/log-out policies, practices, and/or procedures caused the putative class members to work "off-the-clock" and that Defendants failed to pay the putative class members for all hours worked, "resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and the [putative class members] worked." Compl. ¶¶ 50-52. Plaintiff's "off-the-clock" theory is premised on allegations that "[s]ometimes" Defendants required Plaintiff and the putative class members to perform certain log-in/log-out tasks on their computer to clock in and out for remote shifts. Compl. ¶ 51(a)-(b). Plaintiff seeks recovery for unpaid minimum wages over the four (4) year period preceding the filing of this action. Compl. ¶ 45(A), 54. Plaintiff also seeks the recovery of "liquidated damages in the amount of [putative class

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

members'] unpaid minimum wage[.]" Compl. ¶ 54.

38. The total number of workweeks worked by ADP's **currently-employed** non-exempt workers in California for the period of time from June 29, 2022 to the present is approximately 88,885.

39. Approximately 380 of ADP's currently-employed non-exempt employees follow a hybrid work schedule of three (3) days in the office and two (2) days remote work. Approximately 105 of ADP's currently-employed non-exempt employees work remotely five (5) days per week. The total number of workweeks worked by ADP's currently-employed non-exempt hybrid employees during the putative class period is approximately 66,328 workweeks. The total number of workweeks worked by ADP's currently-employed non-exempt remote employees is approximately 22,557 workweeks.

40. Taking the Complaint's allegations as true for purposes of this Notice, Defendants (conservatively) assume that the remote-work log-in/log-out processes alleged for ADP's non-exempt employees took no more than approximately 5-10 minutes total to complete each day, and that the putative class members had to complete such processes each day they worked from home during the average workweek.

41. Defendants assume a claim of one (1) hour of unpaid minimum wages per non-exempt hybrid employee per every six workweeks (*i.e.*, two remote days per week at 5-10 minutes per day), and for non-exempt remote employees, one (1) hour of unpaid minimum wages per every two workweeks (*i.e.*, five remote days per week at 5-10 minutes per day). Plaintiff will undoubtedly claim more.

42. Taking the average California state minimum wage of $16.23/hour during the four-year putative class period,[2] the amount of alleged unpaid minimum

[2] The minimum wage in the State of California increased by 50 cents on an annual basis from $15.00/hour in 2022 to $16.50/hour in 2025. As of January 1, 2026, the statewide California minimum wage is $16.90/hour.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

wages in Plaintiff's First Cause of Action for ADP's currently-employed non-exempt **hybrid** workers is at least $179,417.24 (*i.e.*, 66,328/6] (x) 1 hour of unpaid minimum wages ($16.23)). Liquidated damages in the equivalent amount would equate to an additional $179,417.24.

43. The amount of alleged unpaid minimum wages for ADP's current-employed non-exempt **remote** workers is at least $183,050.01 (*i.e.*, [22,557/2] (x) 1 hour of unpaid minimum wages ($16.23)). Liquidated damages in the equivalent amount would equate to an additional $183,050.01.

44. Without taking into account any unpaid minimum wages allegedly owed to formerly-employed putative class members, then, the approximate amount in controversy under Plaintiff's First Cause of Action alone is therefore at least $724,934.50 ($179,417.24 (x) 2 + $183,050.01 (x) 2).

*(2) Failure to Pay Overtime Wages*

45. Plaintiff's Second Cause of Action is for the alleged failure to pay overtime compensation pursuant to California Labor Code sections 510 and 1194. Plaintiff's overtime theory is premised on the same "log-in/log-out" process underpinning the First Cause of Action allegedly resulting in unpaid time, including overtime for non-exempt employees who had already worked 8 hours per day or 40 hours per week. Compl. ¶¶ 60–63. Plaintiff seeks recovery for unpaid overtime over the four-year period preceding the filing of this action. Compl. ¶ 65.

46. Courts have routinely held that an assumption of one hour of unpaid overtime per workweek is reasonable, particularly when the complaint alleges a pattern and practice of failing to pay overtime wages. *See Arreola v. Finish Line*, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("Where, as here, a proposed class includes all employees during the class period, and the plaintiff pleads that an employer has a regular or consistent practice of violating employment laws that harmed each class member, such an allegation supports a defendant's assumptions that every employee experienced at least one violation once per week."); *Jasso v.*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

*Money Mart Express, Inc.*, 2012 WL 699465, at *5 (N.D. Cal. Mar. 1, 2012) (pleading that defendant had a "uniform policy and scheme" of violating employment law and that violations took place "at all material times" justified assumption of one violation per employee per week).

47. The Complaint alleges that Defendants maintained "policies, practices, and/or procedures" that resulted in unpaid overtime. Compl. ¶ 61. However, because the Complaint alleges that Defendants only "sometimes" required the putative class members to complete the log-in/log-out process to work remotely, for purposes of the amount in controversy calculation Defendants will use the conservative assumptions described in Paragraphs 40 and 41 above (assuming one hour of unpaid overtime per hybrid non-exempt employee per every six workweeks and one hour of unpaid overtime per remote non-exempt employee per every two workweeks).

48. The average hourly rate of ADP's currently-employed non-exempt workers in California for the period of time from June 29, 2022 to the present is $34.26. The overtime rate for this one hour of pay would therefore be $51.40/hour (1.5 x $34.26).

49. For **hybrid** non-exempt employees, Defendants assume 1 hour of unpaid overtime every six workweeks. Taking the 66,328 approximate workweeks worked by currently-employed hybrid putative class members during the relevant time period and applying the overtime rate per employee per workweek, the amount in controversy for Plaintiff's Second Cause of Action for hybrid non-exempt employees is at least $568,209.86 (*i.e.*, 66,328/6] (x) 1 hour of unpaid overtime ($51.40)).

50. For **remote** non-exempt employees, Defendants assume 1 hour of unpaid overtime every two workweeks. Taking the 22,557 approximate workweeks worked by currently-employed remote putative class members during the relevant time period and applying the overtime rate per employee per workweek, the amount

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

in controversy for Plaintiff's Second Cause of Action for remote non-exempt employees is at least $579,714.90 (*i.e.*, 22,557/2] (x) 1 hour of unpaid overtime ($51.40)).

51. Thus, without taking into account any unpaid overtime allegedly owed to formerly-employed putative class members, then, the approximate amount in controversy under Plaintiff's Second Cause of Action alone is at least $1,147,924.76.

*(3) Failure to Provide Meal Periods*

52. Plaintiff's Third Cause of Action alleges that Defendants "sometimes" failed to provide timely, uninterrupted, duty-free 30-minute meal periods for shifts exceeding five hours (or two meal breaks for shifts exceeding ten hours) "due to workload and understaffing coupled with Defendant's 'client-first' practice." Complaint ¶¶ 69–71. California Labor Code section 226.7(c) provides that an employee who does not receive a meal period to which he or she is entitled shall be paid one additional hour of pay at their regular rate of compensation as premium pay. Plaintiff seeks recovery for missed meal periods over the four-year period preceding the filing of this action. Compl. ¶¶ 72-73.

53. Given Plaintiff's qualifying language that Defendants "sometimes" failed to provide compliant meal periods, Defendants conservatively assume 1 meal period violation per workweek. Multiplying 1 meal period premium per workweek by the average hourly rate of $34.26 and the approximate number of total workweeks worked by ADP's currently-employed non-exempt workers during the putative class period (88,885), the Third Cause of Action places approximately at least $3,045,200.10 in controversy—without taking into account the number of workweeks worked by formerly-employed non-exempt workers.

*(4) Failure to Provide Rest Periods*

54. Plaintiff's Fourth Cause of Action alleges that Defendants "sometimes" failed to authorize and permit net 10-minute rest periods for shifts of

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

at least 3.5 hours. Compl. ¶¶ 77-78. The same premium-pay provisions of California Labor Code section 226.7(c) apply.

55. Using the same conservative assumption of 1 rest period violation per workweek described in Paragraph 53 above for meal break violations, and multiplying by the average hourly rate of $34.26 and the number of workweeks worked by ADP's currently-employed non-exempt workers during the putative class period, the Fourth Cause of Action places approximately another $3,045,200.10 in controversy. As with the Third Cause of Action, this estimate does not account for the total number of workweeks worked by formerly-employed non-exempt workers.

*(5) Failure to Indemnify for Business Expenditures*

56. Plaintiff's Fifth Cause of Action alleges that Defendants "sometimes" required the putative class members to use their personal cell phones (including both telephone use and cellular data use) for work purposes without reimbursement in violation of California Labor Code section 2802. Compl. ¶¶ 84-86. Plaintiff seeks damages sufficient to indemnify himself and the putative class members "for all employment-related expenses as well as ordinary business expenses incurred by Defendants and passed on to Plaintiff and [the putative class members], pursuant to Labor Code section 2802" during the four-year period. Compl. ¶ 88.

57. Plaintiff provides no information as to how much the alleged cell phone expenses may be, or what "ordinary business expenses incurred by Defendants" have been passed on to the putative class or the amount. However, District Courts in this Circuit have routinely accepted assumptions from $25 to $40 per month to be reasonable when analyzing similar allegations involving cell phone use. *See, e.g.*, *Gurzenski v. Delta Air Lines, Inc.*, 2021 WL 5299240, at *4 (C.D. Cal. Nov. 12, 2021) (finding an assumption of 50% of an assumed monthly cell phone bill of $75, i.e., $38 per month, reasonable for purposes of CAFA); *Vallejo v. Sterigenics U.S., LLC*, 2021 WL 2685348, at *6 (S.D. Cal. June 29, 2021) (finding

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

assumption of $25 per month for cell phone reimbursement costs reasonable for purposes of CAFA); *Hill v. Hogan Personnel, LLC*, 2025 WL 1898255, at *7 (C.D. Cal. July 9, 2025) (finding assumption of $25 per month for cell phone reimbursement reasonable under CAFA).

58. The United States Bureau of Labor Statistics reports that the mean annual cost of cellular phone service in California over the most recently surveyed two-year average (2022-2023) was approximately $1,426.45, or approximately $27.43 per week. *See* U.S. Bureau of Labor Statistics, Consumer Expenditure Surveys, 2022-2023, *available at* https://www.bls.gov/cex/tables/geographic/mean/2023/cu-state-ca-income-quintiles-before-taxes-2-year-average-2023.htm (last accessed July 30, 2026).

59. Assuming conservatively that reimbursement was owed for 25% of a non-exempt employee's weekly cell phone cost ($6.80 per week), given that Defendants only required Plaintiff and the putative class members to use their personal cell phones "sometimes," multiplying by the number of workweeks worked by currently-employed putative class members (88,885), this cause of action places approximately at least $604,418.00 in controversy.

60. This conservative estimate does *not* factor in the alleged but unidentified "ordinary business expenses" supposedly passed on to Plaintiff and the putative class members, or any expense reimbursements owed to formerly-employed putative class members, and thus this figure is likely to be much more when such expenses are factored in.

*(6) Failure to Provide Accurate Wage Statements*

61. Plaintiff's Sixth Cause of Action alleges that Defendants' wage statements list the employer as "ADP, Inc." rather than the full legal name "Automatic Data Processing, Inc.," rendering all wage statements inaccurate under California Labor Code Section 226(a). Compl. ¶ 93. Plaintiff also alleges derivative wage statement violations on the basis that Defendants' wage statements were

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

inaccurate and incomplete because they did not account for uncompensated time and/or all earned wages (including meal period and rest period premium wages, overtime wages, etc.). Compl. ¶¶ 94-95. California Labor Code section 226(e) provides penalties of $50 for the initial pay period violation and $100 per employee for each subsequent violation, subject to an aggregate penalty cap of $4,000 per employee. Plaintiff seeks "to recover the full amount of penalties due under section 226(e)," going back one (1) year from the date of filing of the Complaint (June 29, 2025). Compl. ¶¶ 45(F), 100.

62. Because the Complaint alleges that the employer-name discrepancy affected all wage statements uniformly (Compl. ¶ 93), a 100% violation rate is appropriate for purposes of this calculation. *See Marin v. Loews Hollywood Hotel, LLC*, 2024 WL 4766204, at *4 (C.D. Cal. Oct. 16, 2024) ("Regarding wage statement violation … Plaintiffs allege a uniform illegal practice … Such an allegation makes the assumption of a 100% violation rate reasonable.").

63. During the one-year statutory period, ADP issued approximately 11,799 wage statements to approximately 556 putative class members.

64. The proper measure of statutory penalties is $50 to each wage statement putative class member for the first violation they experienced, resulting in $27,800 in penalties for first statements ($50 (x) 556). The remaining 11,243 wage statements represent second violations paid at $100 per violation, for a total of $1,124,300 in penalties for subsequent violations ($100 (x) 11,243). In total, the Sixth Cause of Action places approximately $1,152,100.00 in controversy ($27,800 + $1,124,300).

*(7) Failure to Timely Pay Final Wages at Separation*

65. Plaintiff's Seventh Cause of Action alleges that Defendants failed to timely pay all earned wages at separation in violation of California Labor Code sections 201, 202, and 203. Compl. ¶¶ 104-105. California Labor Code section 203 provides that each affected former employee is entitled to waiting-time penalties of

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

up to 30 days' wages, and Plaintiff seeks such wages "from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days" going back three (3) years from the filing of the Complaint. Compl. ¶¶ 45(G), 107.

66. Plaintiff's Seventh Cause of Action is derivative of his First, Second, Third, and Fourth Causes of Action in that he alleges Defendants' failure to pay all wages earned prior to separation of employment "include failing to pay at least minimum wage for all time worked, overtime wages for all hours worked, meal period premium wages, and/or rest period premium wages." Compl. ¶ 105. In other words, it is reasonable to assume that Plaintiff will contend that just one failure to pay overtime or pay a meal period premium to a then-current and now-former non-exempt employee is enough to trigger a waiting time penalty for that employee.

67. Courts have routinely held that a 100% violation rate is reasonable and that calculating penalties for the full 30-day maximum is appropriate. *See Hill*, *supra*, 2025 WL 1898255, at *8 (100% violation rate for waiting time penalties "is not only reasonable—it is a necessary condition of Plaintiff's decision to file this putative class action case" if Labor Code violations remain ongoing); *Noriesta v. Konica Minolta Bus. Solutions U.S.A.*, 2019 WL 7987117, at *6 (C.D. Cal. June 21, 2019) (holding that if "defendant had a 'pattern and practice' of refusing to grant meal and rest breaks or pay class members for all hours worked, then it is likely that all or nearly all class members experienced [waiting time] violations").

68. From June 29, 2023 to the present, there were approximately 235 putative class members whose employment was terminated. The average hourly rate of those employees was $28.18. The maximum waiting-time penalty per separated employee is thus $6,763.20 ($28.18 (x) 8 hours (x) 30 days). Multiplying the number of former putative class members by the maximum penalty of $6,763.20, this cause of action yields approximately $2,198,040.00 in controversy.

*(8) Attorneys' Fees*

69. Plaintiff seeks to recover attorneys' fees, which are included in

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

determining the amount in controversy under CAFA. Compl. ¶¶ 54, 65, 89, 100, 110, 114, Prayer for Relief; *see Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "future attorneys' fees recoverable by statute or contract must be included in the amount in controversy"). For class action settlements, the Ninth Circuit has found that 25% of the common fund is a reasonable attorneys' fees award. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("'[W]hen including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use a 25% benchmark rate,' especially in wage and hour class actions like this one where fee awards at settlement typically require court approval.").

70. The preponderance of the evidence demonstrates that the amount in controversy in Plaintiff's First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action totals approximately $11,917,817.46. Applying a 25% fee award to that estimate yields an additional $2,979,454.36 in potential attorneys' fees that must be included in the amount in controversy calculation.

*(9) Total Amount in Controversy*

71. A conservative calculation of the amount in controversy, based on the foregoing (and excluding the claim for restitution in the Eighth Cause of Action under the Unfair Competition Law to avoid any potential double-counting), totals **$14,897,271.82** as described above. This estimate exceeds the $5,000,000 threshold required by CAFA, which can be corroborated once Defendants' final class size and workweek data is inserted into the calculations above. 28 U.S.C. § 1332(d). Defendants reserve the right to submit a supporting declaration with final class data confirming that the amount in controversy exceeds $5,000,000 as needed. *See Ibarra*, *supra*, 775 F.3d at 1197–98; *Dart Cherokee*, *supra*, 574 U.S. at 89.

/ / /

/ / /

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900

**E. No CAFA Exceptions Apply**

72. The instant action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").

## <u>CONCLUSION</u>

73. Based on the foregoing, Defendants remove the action from Los Angeles County Superior Court to this Court and respectfully submit that this action is properly removed.

Dated: August 7, 2026

VENABLE LLP

By: ______________________________
Daniel P. Hoffer
Ryan M. Andrews
Rudolph G. Klapper
Jeffrey A. Brand

*Attorneys for Defendants*
*ADP, Inc. and*
*Automatic Data Processing, Inc.*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 3400
LOS ANGELES, CA 90067
310-229-9900